VISTA HEALTHPLAN, INC., and Ramona Sakiestewa, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

BRISTOL–MYERS SQUIBB CO., and American BioScience, Inc., Defendants.

No. C.A.1:01CV01295EGSAK.

United States District Court, District of Columbia.

Oct. 22, 2003.

## FINAL ORDER AND JUDGMENT APPROVING SETTLEMENTS BETWEEN THIRD–PARTY PAYOR CLASS PLAINTIFFS AND DEFENDANTS BRISTOL–MYERS SQUIBB COMPANY AND AMERICAN BIOSCIENCE, INC.

SULLIVAN, District Judge.

This Third–Party Payor Action having come before the Court for a fairness hearing, as noticed, on October 22, 2003, pursuant to this Court's June 4, 2003 Order Preliminarily Approving Proposed Settlements between Plaintiff and Defendants Bristol–Myers Squibb Company ("Bristol") and American BioScience, Inc. ("ABI") (the "Preliminary Approval Order") to consider and determine the matters set forth in the Preliminary Approval Order; and due notice of said hearing having been published and given; and all entities that made timely objections to the proposed

settlement set forth in the settlement agreements entered into as of May 28, 2003, on behalf of Plaintiff and the Class and Defendant Bristol, and as of May 27, 2003, on behalf of Plaintiff and the Class and Defendant ABI (collectively, the "Settlement Agreements") and described in the Notice of Proposed Settlement and Summary Notice; and having been given an opportunity to present such objections to the Court; and the Court having entered an order on June 4, 2003 certifying the following class:

All "Third–Party Payors" (defined immediately below) in the United States which, at any time from January 1, 1999 through December 31, 2002, paid, in whole or in part, for Taxol and/or generic paclitaxel in the United States. Excluded from the Class are Defendants, their subsidiaries, affiliates, officers and directors, and government entities.

"Third–Party Payor" shall mean any entity that (i) is a party to a contract, issuer of a policy, or sponsor of a plan, which contract, policy or plan provides coverage for the administration of Taxol or generic paclitaxel to natural persons, and (ii) is also at risk, pursuant to such contract, policy or plan, to pay or reimburse all or part of the costs of providing such coverage.

A self-funded health benefit plan for employees of a government entity that satisfies the definition of "Third–Party Payor" shall not be considered a "government entity";

---

and the Court having considered the matter and all of the submissions filed in connection therewith, and the oral presentations of counsel at said hearing; and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

1. This Court has jurisdiction over this Third–Party Payor Action and each of the parties to the Settlement Agreements.

2. As required by this Court in its Preliminary Approval Order: (a) Notices of the proposed settlements were mailed by first-class mail to all Class Members whose addresses could be obtained with reasonable diligence, and to all potential Class Members who requested a copy; and (b) a Summary Notice was published in *The New York Times* and *The National Underwriter: Life & Health/Financial Services Edition* and posted continuously on the Internet. Such notice to members of the Class is hereby determined to be fully in compliance with requirements of Fed. R.Civ.P.23(e) and due process and is found to be the best notice practicable under the circumstances and to constitute due and sufficient notice to all entities entitled thereto.

3. Due and adequate notice of the proceedings having been given to the Class and a full opportunity having been offered to the Class to participate in the fairness hearing, it is hereby determined that all Class Members are bound by this Final Order and Judgment.

4. The settlement of this Third–Party Payor Action was not the product of collusion between Plaintiff and Defendants or their respective counsel, but rather was the result of *bona fide* and arm's length negotiations conducted in good faith between Class Counsel, Bristol and ABI.

5. The Court held a hearing on October 22, 2003, to consider the fairness, reasonableness and adequacy of the proposed settlement, has been advised of any objections to the settlement and has given fair consideration to any such objections. No objections were received by class counsel or the Court.

6. That the Settlement, as provided for by the Settlement Agreements, is hereby approved and found to be, in all respects, fair, reasonable, adequate and in the best interests of the Class as a whole and in satisfaction of Rule 23 of the Federal Rules of Civil Procedure and due process requirements.

7. As set forth in more detail in the Settlement Agreements, Defendants collectively have agreed to pay a total of $15,185,000 to settle this Action.

8. The Court approves the Allocation Distribution and Plan as proposed by Class Counsel and summarized in the Notice of Proposed Settlement, and directs Complete Claims Solutions, Inc., as the claims administrator, to distribute the net Settlement Funds and pay all necessary costs in the manner provided in the Allocation and Distribution Plan and the Settlement Agreements.

9. That all claims in the captioned action against Bristol and ABI are hereby dismissed with prejudice, and without costs, except as provided by this Court in this Order, with such dismissal subject only to compliance by the Parties with the terms and conditions of the Settlements Agreements and this Final Order and Judgment.

10. Terms used in this Final Order and Judgment that are defined in the Settlement Agreements are, unless otherwise defined herein, used in this Final Order and Judgments as defined in the Settlement Agreements.

11. That the Releases, as defined in the Settlement Agreements, shall be re-

leased and forever discharged from all manner of claims, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that Plaintiff or any members of the Class who have not timely excluded themselves from the settlement (including any of their past, present or future officers, directors, stockholders, agents, employees, legal representatives, trustees, parents, associates, affiliates, subsidiaries, partners, heirs, executors, administrators, purchasers, predecessors, successors and assigns, acting in their capacity as such), whether or not they object to the settlement and whether or not they make a claim upon or participate in the Settlement Fund, ever had, now has, or hereafter can, shall or may have, directly, representatively, derivately or in any other capacity, arising out of or relating to any conduct alleged or which could have been alleged in the Complaint relating to the purchase of the drug Taxol® or generic paclitaxel, prior to May 27, 2003; provided, however, that nothing herein shall act as a release of any claim that does not arise from or relate to the facts, matters, transactions, events, occurrences, acts, disclosures, statements, omissions, or failures to act set forth or alleged by Vista in this Action, including, but not limited to, claims based on the allegations asserted in *In re: Pharmaceutical Industry Average Wholesale Price Litigation,* MDL No. 1456.

12. All Class Members shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released by the Settlement Agreements, and all such Class Members shall be deemed to have forever released any and all such matters, claims and causes of action as provided for in the Settlement Agreements.

13. Each settling Class Member is hereby deemed expressly to have waived and released, with respect to the Released Claims, any and all provisions, rights and benefits conferred by (i) § 1542 of the California Civil Code, which reads:

A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor;

(ii) § 17200, *et seq.,* of the California Business and Professional Code; and (iii) any similar state, federal or other laws, rules or regulations or principles of common law. Each Settling Class Member may hereafter discover facts other than or different from those that it knows or believes to be true with respect to the subject matter of the Released Claims, but each Settling Class Member shall hereby be deemed to have expressly waived and fully, finally and forever settled and released any known or unknown, suspected, asserted or unasserted, contingent or non-contingent claim with respect to the Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such additional or different facts.

14. In its Preliminary Approval Order, the Court conditionally certified the Class for the purpose of settlement under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. In entering this Order and Final Judgment, the Court has once again considered the class certification prerequisites set forth in Rule 23(a) and (b)(3) and again finds that these prerequisites are satisfied in this case.

15. The Class is defined as and includes: "All Third–Party Payors (defined immediately below) in the United States which, at any time from January 1, 1999,

through December 31, 2002, paid, in whole or in part, for Taxol and/or generic paclitaxel in the United States. Excluded from the Class are Defendants, their subsidiaries, affiliates, officers and directors, and government entities."

"Third–Party Payor" shall mean any entity that (i) is a party to a contract, issuer of a policy, or sponsor of a plan, which contract, policy or plan provides coverage for the administration of Taxol or generic paclitaxel to natural persons, and (ii) is also at risk, pursuant to such contract, policy or plan, to pay or reimburse all or part of the costs of providing such coverage.

A self-funded health benefit plan for employees of a government entity that satisfies the definition of "Third–Party Payor" shall not be considered a "government entity."

The following four Class Members have requested exclusion from the Class Settlement: (a) Central States, Southeast and Southwest Areas Health and Welfare Fund; (b) Thrivent Financial for Lutherans; (c) AGC–Int'l Union of Operating Engineers Local 701 Health and Welfare Trust Fund; and (d) Associated Administrators, Inc. on behalf and for Oregon Laborers–Employers Health and Welfare Plan. These four entities shall not be governed by the releases included in this Final Order and those included in the Settlement Agreements.

16. This Class is now finally certified. The Court affirms its prior Class Certification, which was conditional pending further review, and finds that: (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of both law and fact common to the Class; (c) the Class Plaintiff's claims are typical of the claims of all members of the Class; and (d) the named Plaintiff and Class Counsel have fairly and adequately represented and will fairly and adequately protect the interests of the Class, all pursuant to Fed.R.Civ.P. 23(a). The Court additionally finds that questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that this class action is superior to other available methods for the fair and efficient adjudication of this controversy, pursuant to Fed.R.Civ.P. 23(b).

17. The Court awards Class Counsel $3,813,000 (which amounts to slightly more than 25% of the Settlement Funds) ("Funds") as attorneys' fees, to be allocated by agreement among Class Counsel, as well as $210,348.60 in costs, disbursements and expenses, and $40,000 to Vista Healthplan and $10,000 to Plumbers and Pipefitters Local 572 Health and Welfare Fund as incentive awards for their services in discovery and their roles in bringing about the recovery on behalf of the Class. All of the foregoing amounts are to be paid exclusively out of the Settlement Funds without additional contribution or payment by Defendants. Any appeal from this paragraph shall not affect the finality of the remainder of this Final Order and Judgment, including but not limited to the date on which the Settlement will be deemed final under the terms of the Settlement Agreements.

18. Neither this Final Order and Judgment, the Settlement Agreements, nor any of its terms or the negotiations or papers related thereto shall constitute evidence or an admission by any Releasee, that any acts of wrongdoing have been committed, and they shall not be deemed to create any inference that there is any liability therefor. Neither this Final Order and Judgment, the Settlement Agreements, nor any of the terms or the negotiations or papers related thereto shall be offered or received in evidence or used for any purpose what-

soever, in this or any other matter or proceeding in any court, administrative agency, arbitration or other tribunal, other than as expressly set forth in the Settlement Agreements.

19. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finds that there is no just reason for delay and therefore directs entry of this Final Order and Judgment as a final judgment that is immediately appealable.

20. Without in any way affecting the finality of this Final Order and Judgment, the Court hereby retains exclusive jurisdiction over this Third–Party Payor Action until the Settlement Agreements have been consummated and each and every act agreed to be performed by the Parties thereto shall have been performed, and thereafter for all other purposes necessary to effectuate the terms of the Settlement Agreements.